35 F.3d 567
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kimble GRIMMETT, Defendant-Appellant.
 No. 93-2318.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1994.
 
 Before: KEITH and MILBURN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Kimble Grimmett appeals his convictions for violations of 18 U.S.C. Secs. 922(g)(1) and (3) and 924(e). Counsel for the parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, Grimmett was convicted of one count of possession of ammunition by a felon in violation of 18 U.S.C. Sec. 922(g)(1) and one count of possession of ammunition by a drug user in violation of 18 U.S.C. Sec. 922(g)(3). The district court determined that Grimmett was an armed career criminal within the meaning of 18 U.S.C. Sec. 924(e). Grimmett was sentenced to serve 293 months of imprisonment and three years of supervised release.
 
 
 3
 On appeal, Grimmett argues that the district court erred by refusing to give a specific intent instruction. He also contends that inconsistencies in the instructions constitute plain error requiring reversal of the district court's judgment.
 
 
 4
 Upon review, we conclude that the appeal lacks merit. The instructions "fairly and adequately submitted the issues and applicable law to the jury." See United States v. Williams, 952 F.2d 1504, 1512 (6th Cir.1991). "A district court's refusal to deliver a requested instruction is reversible only if that instruction is (1) a correct statement of the law, (2) not substantially covered by the charge actually delivered to the jury, and (3) concerns a point so important in the trial that the failure to give it substantially impairs the ... defense." Id.
 
 
 5
 The instruction requested by Grimmett is not a correct statement of the law. Grimmett requested the district court to instruct the jury that they must find that he had the specific intent to unlawfully possess the ammunition. However, such an instruction would not have been proper because specific intent is not an element of the offense. See United States v. Bennett, 975 F.2d 305, 308 (6th Cir.1992). Additionally, the instructions given to the jury adequately explained the elements of the offense. The district court instructed the jury on each count that they must find that Grimmett possessed a quantity of ammunition as charged in the indictment and that he knew he had such possession. The district court further explained:
 
 
 6
 To establish possession, the government must prove that the defendant had direct physical control over the ammunition and that he knew he had such control.
 
 
 7
 Just being present where something is located, without more, does not equal possession.
 
 
 8
 The government must prove that the defendant had possession of the ammunition and knew that he did for you to find him guilty of this crime.
 
 
 9
 Trial Transcript at 120. Grimmett's assertion that the district court was required to define "knowingly" lacks merit. The word "knowing" is a word of common usage within the ordinary understanding of a juror. See United States v. Smith, 635 F.2d 716, 720 (8th Cir.1980). The district court is not required to define words within the ordinary understanding of the jury. Id.
 
 
 10
 Grimmett also notes that the written instructions erroneously state: "[i]t is not necessary for the government to prove beyond a reasonable doubt that the defendant possessed the ammunition." Because no objection was made to the alleged error, it may only be reviewed for "plain error." Fed.R.Crim.P. 52(b); United States v. Morrow, 977 F.2d 222, 226 (6th Cir.1992) (en banc), cert. denied, 113 S.Ct. 2969 (1993). In determining the propriety of an instruction, we view the instruction in its entirety. United States v. Pope, 561 F.2d 663, 670 (6th Cir.1977). A misstatement in one part of the instructions does not require reversal if elsewhere in the instruction the correct information is conveyed to the jury in a clear and concise manner so that it is unlikely that an erroneous impression would remain in the minds of the jurors. Id. Review of the record shows that the instructions clearly and repeatedly direct that the government has the burden of proving each element beyond a reasonable doubt.
 
 
 11
 Accordingly, the district court's judgment is hereby affirmed.